UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ÁNGEL CRUZ-LOZADA,

    Plaintiff,

v.

EL DÍA, INC.; CHARTIS INSURANCE COMPANY; FRG, INC.; and unnamed parties,

    Defendants.

Civil No. 11-1157 (JAF)

**O R D E R**

Plaintiff sues his former employer, Defendant El Día, Inc. ("El Día"), requesting relief under, inter alia, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and 42 U.S.C. §§ 1981, 1983, and 1988. (Docket Nos. 16; 47.) El Día moves for partial dismissal of Plaintiff's claims,[1] arguing that Plaintiff has failed to plead a prima-facie case for relief under the ADEA or under §§ 1983 and 1988. (Docket No. 24.) Plaintiff opposes dismissal of those claims (Docket Nos. 30; 31; 40), and El Día replies (Docket No. 34).

In order to state a claim for relief under the ADEA, a plaintiff must establish that he was at least forty years old at the time of the adverse employment action. Gómez-González v. Rural Opportunities, Inc., 626 F.3d 654, 662 (1st Cir. 2010). The instant complaint states that "at the

---

[1] El Día moves for relief under Federal Rule of Civil Procedure 12(b)(6); we recast this as a motion under Rule 12(c), as El Día had already filed a responsive pleading (Docket No. 20). See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

Civil No. 11-1157 (JAF)                                                                                                                          -2-

time of the adverse employment action[, Plaintiff] was 39 years and 10 months old." (Docket No. 16 at 4.) Plaintiff argues, citing no relevant law, that individuals under forty may seek relief under the ADEA and that those forty and older merely benefit from an additional presumption of discrimination under the ADEA. (See, e.g., Docket No. 31 at 6–10.) Plaintiff's argument is incorrect; on the basis of this complaint, Plaintiff clearly is not entitled to relief under the ADEA.

In order to state a claim for relief under § 1983, a plaintiff must establish that his rights were violated by a state official acting under the color of state law. Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006). A private actor may be sued as a state actor under § 1983 where it "is performing an inherently public function." E.g., Watchtower Bible & Tract Soc'y of N.Y. v. Sagardia De Jesus, 634 F.3d 3, 10 (1st Cir. 2011). Plaintiff admits that El Día is a private actor, but he argues that El Día performs an inherently public function because it employs private security to guard its property. (See, e.g., Docket No. 31 at 10–12.) Plaintiff cites no law supporting this argument. As Plaintiff has not established that the utilization of private security for the purpose of guarding one's own property transforms a private actor into a public one, Plaintiff fails to state a claim for relief under § 1983.

El Día further claims that Plaintiff is entitled to no relief under § 1988, as relief under that section relies on the viability of his claims under § 1983. (Docket No. 24 at 7 n.2.) Nevertheless, Plaintiff has also requested relief under, inter alia, § 1981, which can also form a basis for relief under § 1988. See 42 U.S.C. § 1988(b). As El Día makes no argument as to the viability of

Civil No. 11-1157 (JAF)                                                                                                   -3-

Plaintiff's claim under § 1981, it has failed to establish that Plaintiff is not entitled to relief under § 1988.

El Día requests that we sanction Plaintiff under Federal Rule of Civil Procedure 11 for pursuing the obviously meritless ADEA and § 1983 claims. (Docket No. 21.) Plaintiff responds that his legal contentions are warranted by existing law. (See, e.g., Docket Nos. 22; 23.) We disagree; Plaintiff referenced no law supporting his arguments, and he failed to adequately acknowledge the clearly-established legal precedent El Día referenced in its motion to dismiss. Because Plaintiff has persistently pursued patently meritless claims, and because he has failed to modify his argument in the face of a clearly meritorious motion to dismiss and motion for sanctions, we find that sanctions are in order under Rule 11. Plaintiff shall pay the attorney's fees El Día incurred for drafting and defending its motion to dismiss (Docket No. 24).

Finally, Plaintiff moves under Rule 21 for voluntary dismissal of Defendant FRG, Inc., which has not yet appeared in the instant action. (Docket No. 33.) We recast this motion as a notice of voluntary dismissal under Rule 41; an order of the court granting dismissal is not necessary under the circumstances. See Fed. R. Civ. P. 41(a)(1)(A)(i).

Given the foregoing, we hereby **GRANT IN PART** El Día's motion to dismiss (Docket No. 24); we **DISMISS** Plaintiff's claims against El Día under the ADEA and § 1983. Having resolved that motion, we **DENY AS MOOT** El Día's motion for partial summary judgment (Docket No. 8) and motion for adjudication (Docket No. 41), and we **DENY AS MOOT** Plaintiff's motion to strike (Docket No. 29). We **GRANT** El Día's motion for sanctions (Docket No. 21) and **AWARD** El Día the attorney's fees it incurred for drafting and defending

Civil No. 11-1157 (JAF)                                                                                                        -4-

its motion to dismiss (Docket No. 24). Finally, we **NOTE** Plaintiff's voluntary dismissal of Defendant FRG, Inc. (Docket No. 33).

Plaintiff's claims under the following laws remain against El Día for adjudication:[2] The Civil Rights Act, 42 U.S.C. §§ 1981, 1988, 2000e; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213; certain Puerto Rico employment statutes—Law 44, 1 L.P.R.A. §§ 501–511b (2008); Law 80, 29 L.P.R.A. §§ 185a–185*l* (2009); Law 100, 29 L.P.R.A. §§ 146–151; and the Puerto Rico Wage and Hour Act, 29 L.P.R.A. § 283—and Puerto Rico tort law, 31 L.P.R.A. § 5141 (1990). (See Docket No. 16 at 1–2.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of August, 2011.

                                                                    s/José Antonio Fusté
                                                                    JOSE ANTONIO FUSTE
                                                                    United States District Judge

---

[2] To the extent Defendant Chartis Insurance Company's liability is contingent upon El Día's liability, the list of unresolved claims is the same for all remaining named defendants.